**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| KEVIN DONNELL MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:26-cv-00454 (UNA) |
| | ) | |
| MONIQUE BROCKENBOROUGH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed in *forma pauperis* ("IFP"), ECF No. 2. Plaintiff's IFP Application is granted, and for the reasons explained below, this matter is dismissed.

Plaintiff, a resident of Maryland, sues the Director of the United States Department of State's Washington Passport Agency, the Department of State, the U.S. Secretary of State, the U.S. Bureau of Consular Affairs and Passport Services, and the Assistant Secretary of State for Consular Affairs. *See* Compl. at 10–12. He alleges that his passport application was wrongfully denied on July 7, 2022, and then again, on February 7, 2023, "due to alleged child support arrears." *See id*. at 12. He argues that this denial violates several laws, *see id.* at 13–15, and he demands equitable relief affording the "immediate restoration of [his] U.S. passport book and card," *see id.* at 15.

Plaintiff's claims are barred by *res judicata*. "The doctrine of *res judicata* prevents repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983). And a court may dismiss a claim or issue *sua sponte* when it is on notice that that the claim or issue has been previously decided, in an effort to prevent "unnecessary judicial waste." *Walker v. Seldman*, 471 F. Supp. 2d

106, 114 n.12 (D.D.C. 2007) (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000) (internal quotation marks omitted)); *see accord Rosendahl v. Nixon*, 360 Fed. Appx. 167, 168 (D.C. Cir. 2010) (courts "may raise the *res judicata* preclusion defense *sua sponte*") (citing *Brown v. Dist. of Columbia*, 514 F.3d 1279, 1285–86 (D.C. Cir. 2008)) (other citation omitted).  More specifically, *res judicata* and *collateral estoppel* "are so integral to the administration of the courts that a court may invoke [them] *sua sponte*[,]" *Fenwick v. United States*, 691 F. Supp. 2d 108, 116 (D.D.C. 2010) (alterations in original) (quoting *McGee v. District of Columbia*, 646 F. Supp. 2d 115, 123 (D.D.C. 2009); citing *Stanton v. District of Columbia Court of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997)), because the Court bears a responsibility to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation[,]" *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

Plaintiff already unsuccessfully filed a substantially similar, if not identical, lawsuit against the Director of the United States Department of State's Washington Passport Agency,[1] in the U.S. District Court for the District of Maryland.  *See Murphy v. Brockenborough, et al.*, No. 24-cv-0159 (D. Md. filed June 3, 2024) ("*Murphy I*"), at Amended Complaint, ECF No. 4; *see id.* at Memorandum Opinion (Sept. 25, 2025), ECF No. 15; Dismissal Order (Sept. 25, 2025) (dismissing case with prejudice), ECF No. 16.

Whether a case is duplicative turns on whether the two cases at issue share the same "nucleus of facts." *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Page*

---

[1]     Although Plaintiff sues some additional Defendants in the instant matter, *see* Compl. at 11–12, the Defendants are all federal entities and officials, and privity exists between the government, its officers, and its agencies.  *See Lewandowski v. Prop. Clerk*, 209 F. Supp. 2d 19, 22 (D.D.C. 2002) (citing *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–03 (1940)); *Wilson v. Fullwood*, 772 F. Supp. 2d 246, 261 (D.D.C. 2011).

*v. United States*, 729 F. 2d 818, 820 (D.C. Cir. 1984)).  And a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that "were or *could have been* raised in that action." *Drake*, 291 F.3d at 66 (emphasis in original), quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Apotex, Inc. v. Food & Drug Admin.,* 393 F.3d 210, 218 (D.C. Cir. 2004).  Upon review, Plaintiff's Amended Complaint filed in *Murphy I* unquestionably arises from the very same facts raised in the Complaint filed in this matter.  The final adjudication, with prejudice, of *Murphy I*, which was affirmed by the U.S. Court of Appeals for the Fourth Circuit on January 26, 2026, *see Murphy I* at Judgment of USCA, ECF No. 120; Mandate (Mar. 20, 2026), thus bears preclusive effect on this matter.

For these reasons, the Complaint, ECF No. 1, and this case, are dismissed.[2]  A separate Order accompanies this Memorandum Opinion.

DATE: May 14, 2026                          /s/ CHRISTOPHER R. COOPER
                                               United States District Judge

---

[2]      Plaintiff is forewarned that duplicative lawsuits filed by a plaintiff proceeding IFP are also subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See Sturdza v. United Arab Emirates*, No. 09-0699, 2009 WL 1033269, at *1 n.2 (D.D.C. April 16, 2009), *aff'd*, 108 F.3d 1396 (D.C. Cir. Mar. 05, 1997); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir.1995); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir.1993)).